# Exhibit 1

# IN THE CIRCUIT COURT OF MARYLAND FOR TALBOT COUNTY

JOHN MCLAUGHLIN                        :
25803 Herring Lane
Denton, MD 21629                       :

      Plaintiff                      :

vs.                                    :   Case No.:_____

WALMART INC., DOING BUSINESS           :
AS WALMART #1715
8155 Elliott Road                      :
Easton, MD 21601
                                       :
**SERVE ON:**
The Corporation Trust Incorporated     :
2405 York Road, Suite 201
Lutherville Timonium, Maryland 21093   :

      Defendant                      :

## COMPLAINT

COMES NOW, Plaintiff, John McLaughlin (hereinafter referred to as "Plaintiff") by and through undersigned counsel, and sues Defendant, Walmart Inc., doing business as Walmart #1715 (hereinafter referred to as "Defendant") and for reasons therefore state as follows:

1. That Plaintiff is an adult resident of Caroline County, Maryland.

2. Upon information and belief, Defendant is a corporation with its principal offices located in the State of Arkansas, engaged in the business of selling wholesale groceries and a variety of other merchandise to its members throughout the United States.

3. Upon information and belief, Defendant is also registered to transact and conduct business in the State of Maryland and does, in fact, own and operate a number of stores throughout the State of Maryland, including in Talbot County, Maryland.

4. Upon information and belief, Defendant is the owner and operator of a store known as Walmart #1715, located at 8155 Elliott Road, Easton, MD 21601.

5. That all events giving rise to this Complaint occurred in Talbot County, Maryland.

6. That on or about June 26, 2019, at approximately 1:00 – 1:20 p.m., Plaintiff was shopping at the Defendant's store located at 8155 Elliott Road, Easton, MD 21601.

7. Plaintiff went to the men's bathroom located in the Defendant's store.

8. That unbeknownst to Plaintiff, the floor in the men's bathroom of the Defendant's store was slippery and/or wet due to some substance that had been applied to or had accumulated on the floor.

9. As a result of the wet and/or slippery floor, Plaintiff slipped and fell, suffering personal bodily injuries.

10. That said occurrence resulting in Plaintiff's slip-and-fall accident was directly and proximately caused by the recklessness, carelessness and negligence of the Defendant by failing to properly inspect the premises, and/or failing to take reasonable measures to cure the defect and/or failing to post any signs or warnings to indicate there was a danger posed by the condition of the floor.

11. Plaintiff alleges that all of his loses and damages, past, present and future were proximately caused by the negligence of the Defendant, without any negligence on the part of the Plaintiff contributing thereto.

12. That at all times relevant hereto the Plaintiff exercised due care for his own safety.

## COUNT I
### Negligence

13. The Plaintiff adopts and incorporates all of the facts and allegations contained in paragraphs 1-12 of this Complaint as if fully set forth herein.

14. Defendant owed a duty to the Plaintiff as a business invitee and consumer of the store to operate and maintain the premises in a safe and responsible manner, so as not to cause a danger to consumers and other persons making legal use of the property.

15. Defendant breached that duty by leaving wet and/or slippery floors in the areas where consumers and other persons legally making use of the premises (including but not limited to the Plaintiff), might come upon the floors and slip and fall and sustain personal injuries.

16. Defendant further breached that duty by failing to cure the defect in the areas where consumers and other persons legally making use of the premises (including but not limited to the Plaintiff), might come upon the floors and slip and fall and sustain personal injury.

17. Defendant further breached the duty owed to the Plaintiff by failing to use reasonable care in failing to warn the Plaintiff of the dangerous conditions of the floors, and/or failing to cure any known or foreseeable risk of harm to Plaintiff.

18. That as a direct and proximate result of the negligence of the said Defendant's employees/agents, the Plaintiff has been forced to expend money for doctors and other medical treatment of the aforesaid injuries to himself.

19. That as a direct result of the impact, Plaintiff was thereby caused to sustain injuries to his body, all of which caused and will in the future cause him great pain and mental anguish.

20. As a further and proximate result of the negligence of the Defendant, the Plaintiff suffered loss of wages and loss of earning capacity.

21. That as a further and proximate result of the impact of the slip-and-fall from the negligence of the Defendant, the Plaintiff has suffered permanent injuries.

WHEREFORE, Plaintiff, John McLaughlin, demands a judgment against the Defendant, Walmart Inc., doing business as Walmart #1715, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) for damages, together with the costs of this suit and such other relief as is deemed just and proper.

Respectfully submitted,

_____
Virginia Vile Tehrani, Esquire
Client Protection Fund No.: 1512140021
Greenblatt & Veliev, LLC
110 N. Washington Street, Ste. 402
Rockville, Maryland 20850
Tel: (301) 251-8776
Fax: (301) 251-5694
E-mail: tehrani@gandvlaw.com

*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, John McLaughlin, by and through undersigned counsel, hereby demands a trial by jury.

_____
Virginia Vile Tehrani, Esq.