IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN MCLAUGHLIN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action MJM-21-1305 |
| | * | |
| WALMART INC. d/b/a WALMART #1715, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

John McLaughlin ("Plaintiff") commenced this civil action against Walmart Inc. d/b/a Walmart #1715 ("Defendant"), alleging negligence in connection with a slip-and-fall incident that occurred on June 26, 2019. ECF 2. The matter is before this Court on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Currently pending is Defendant's motion for summary judgment (the "Motion"). ECF 30. Plaintiff has not filed a response or otherwise opposed the Motion.[2] The Court has reviewed Defendant's memorandum in support of the Motion and the exhibits attached thereto. A hearing on the Motion is not necessary. Loc. R. 105.6. For the reasons explained below, the Motion will be GRANTED.

---

[1] The parties have consented to proceed before a United States magistrate judge pursuant to 28 U.S.C. § 636(c). ECF 14 & 15.

[2] Although Plaintiff was represented by counsel at the time he filed this civil action, counsel subsequently filed a motion to withdraw from the matter, which was granted in December 2021. ECF 18 & 19. Presently, Plaintiff is not represented by counsel. According to Defendant's certificate of service, a copy of Defendant's motion for summary judgment was served on Plaintiff on or about October 28, 2022. ECF 30 at 2. On October 31, 2022, the Clerk of Court mailed a notice to Plaintiff notifying him of his right to file a response to Defendant's motion within 28 days and warning that entry of judgment against Plaintiff could result if Defendant's motion is granted. ECF 31. On February 2, 2023, the Court entered an Order lifting a stay previously imposed in the case and accorded Plaintiff another 28 days to respond to the Motion. ECF 32. Plaintiff has filed no response.

**I.      Factual Background[3]**

Defendant operates a Walmart retail store in Easton, Maryland (the "Store"). On June 26, 2019, Plaintiff visited the Store with his spouse and walked alone into the men's restroom inside the Store. Inside the restroom, Plaintiff slipped and fell onto the floor. He observed what he believed to be water on the floor after his fall. There were no caution signs displayed inside the restroom at the time of Plaintiff's fall. Plaintiff did not observe the source of the water and did not know how it got there or how long it had been there. After the incident, Plaintiff's spouse looked inside the restroom and observed water on the floor but did not know where it came from, how it got there, or how long it was there.

The Court has been presented with no evidence that Defendant or any Store employees were aware of any water on the floor of the men's restroom before Plaintiff slipped and fell, and no evidence of how long the water was on the floor before the incident.

**II.     Legal Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, a court shall grant a party's summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Cybernet, LLC v. David*, 954 F.3d 162, 168 (4th Cir. 2020). To avoid summary judgment, the non-moving party must demonstrate a genuine dispute of material fact. *Ricci v. DeStefano*, 557 U.S. 557, 585–86 (2009); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986); *Gordon v. CIGNA Corp.*,

---

[3] The following facts are supported by deposition testimony of Plaintiff and his spouse. Plaintiff has not filed any response in opposition to the Motion and does not dispute these facts. *See* Fed. R. Civ. P. 56(e)(2) (permitting court to consider undisputed any fact asserted by a party moving for summary judgment which the non-moving party fails to address).

890 F.3d 463, 470 (4th Cir. 2018). A fact is "material" if it "might affect the outcome of the suit under the governing law[,]" and a genuine issue as to material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Sharif v. United Airlines, Inc.*, 841 F.3d 199, 204 (4th Cir. 2016); *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016); *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). A party can establish the absence or presence of a genuinely disputed fact through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

The failure of a party to oppose a summary judgment motion "may leave uncontroverted those facts established by the motion," but the moving party is still required to show "that the uncontroverted facts entitle the party to a judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly . . . address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or(4) issue any other appropriate order."). When presented with an unopposed motion for summary judgment, the court is required to review the motion and the record presented for the court's consideration and then determine from the record whether the moving party is entitled to summary judgment. *See Custer*, 12 F.3d at 416; *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409 n.8 (4th Cir. 2010); Fed. R. Civ. P. 56(e)(3).

**III.     Analysis**

Plaintiff asserts in his Complaint that Defendant and its employees were negligent on June 26, 2019, and that their negligence caused injuries and losses suffered by Plaintiff. ECF 2.

To establish negligence under Maryland law, the plaintiff must prove by a preponderance of the evidence "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *100 Inv. Ltd. P'ship v. Columbia Town Ctr. Title Co.*, 430 Md. 197, 212–13, 60 A.3d 1, 10 (2013) (emphasis and citation omitted).

In Maryland, a storeowner "owes a duty to business invitees to keep the premises in a reasonably safe condition and to remove hazards of which he has actual knowledge or which have continued long enough to charge him with constructive notice of their existence." *Montgomery Ward & Co. v. Hairston*, 196 Md. 595, 597, 78 A.2d 190, 190–91 (1951). To establish that a storeowner is liable for a breach of this duty based upon a dangerous condition on the premises, the plaintiff bears the burden of showing that the storeowner "created the dangerous condition or had actual or constructive knowledge of its existence." *Moulden v. Greenbelt Consumer Servs., Inc.*, 239 Md. 229, 232, 210 A.2d 724, 725 (1965); *see also Zilichikhis v. Montgomery Cnty.*, 223 Md. App. 158, 186–87, 115 A.3d 685, 702 (2015). The plaintiff in a premises liability case must also show "that the storeowner should have anticipated that the invitee would not discover the condition or realize the danger, or would fail to protect herself from the danger, and . . . that the storeowner failed to take reasonable means to make the premises safe or to give adequate warning of the condition to the invitee." *Lloyd v. Bowles*, 260 Md. 568, 572–73, 273 A.2d 193, 196 (1971). To be liable, the premises owner must have gained actual or constructive knowledge of the

dangerous condition "in sufficient time to give him the opportunity to remove it or to warn the invitee." *Richardson v. Nwadiuko*, 184 Md. App. 481, 495, 966 A.2d 972, 980 (2009) (quoting *Joseph v. Bozzuto Mgmt. Co.*, 173 Md. App. 305, 315, 918 A.2d 1230 (2007)) (internal quotation marks and brackets omitted). Maryland law recognizes "no presumption of negligence" based merely upon "an injury . . . sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636, 640 A.2d 1134, 1135 (1994).

It is evident that Defendant owed Plaintiff, as Defendant's business invitee, a duty of care to maintain the premises of the Store in a reasonably safe condition and to remove hazards of which Defendant or its employees had actual or constructive knowledge. However, there is no genuine dispute that Defendant lacked actual or constructive knowledge of the alleged hazard in the men's restroom of the Store. Plaintiff was given an opportunity to present evidence that Defendant or any of its employees had actual or constructive knowledge of the water on the restroom floor that Plaintiff claims caused him to fall on June 26, 2019. Plaintiff has failed to provide any such evidence. There is no evidence before the Court that any Walmart employee created this hazard or observed it at any point before the incident, and there is no evidence regarding the length of time that the hazard existed on the premises. Without evidence of any Walmart employee's actual or constructive knowledge of the allegedly dangerous condition before the incident, Plaintiff cannot establish that Defendant should have anticipated a customer's failure to avoid the danger or that Defendant had any opportunity to remove the danger or warn customers about it. On the record before this Court, Plaintiff fails to show a breach of the duty of care Defendant owed to Plaintiff and, therefore, cannot establish Defendant's liability for any injuries or losses that resulted from Plaintiff's fall. Defendant is entitled to judgment as a matter of law on Plaintiff's claim of negligence.

**IV.**     **Conclusion**

For the reasons stated above, Defendant's motion for summary judgment (ECF 30) will be GRANTED. A separate order will follow.

March 20, 2023                         /S/
Date                                    Matthew J. Maddox
                                        United States Magistrate Judge